**F I L E D**
CLERK, U.S. DISTRICT COURT

10/15/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

1  TRACY L. WILKISON
Acting United States Attorney
2  BENJAMIN R. BARRON
Assistant United States Attorney
3  Chief, Santa Ana Branch Office
JENNIFER L. WAIER (Cal. Bar No. 209813)
4  Assistant United States Attorney
        United States Courthouse
5        411 West 4th Street, Suite 8000
        Santa Ana, California 927012
6        Telephone:  (714) 338-3550
        Facsimile:  (714) 338-3708
7        E-mail:     Jennifer.Waier@usdoj.gov

8  Attorneys for Plaintiff
UNITED STATES OF AMERICA

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 8:21-cr-00185-DOC

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       VERLIN SANCIANGCO
14              v.

15  VERLIN SANCIANGCO,

16          Defendant.

17

18      1.   This constitutes the plea agreement between VERLIN

19  SANCIANGCO ("defendant") and the United States Attorney's Office for

20  the Central District of California ("the USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24                      DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26          a.   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by the

28

Court, appear and plead guilty to a one-count information charging defendant with wire fraud in violation of 18 U.S.C. § 1343.

          b.   Not contest facts agreed to in this agreement.

          c.   Abide by all agreements regarding sentencing contained in this agreement.

          d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

          e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

          f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

          g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

          h.   Pay full restitution to the victims by January 1, 2022.

THE USAO'S OBLIGATIONS

   3.   The USAO agrees to:

          a.   Not contest facts agreed to in this agreement.

          b.   Abide by all agreements regarding sentencing contained in this agreement.

          c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

1   in the applicable Sentencing Guidelines offense level, pursuant to
2   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
3   additional one-level reduction if available under that section.

4            d.    Recommend that defendant be sentenced to a term of
5   imprisonment no higher than the low end of the applicable Sentencing
6   Guidelines range provided that the offense level used by the Court to
7   determine that range is 20 or higher and provided that the Court does
8   not depart downward in offense level or criminal history category.
9   For purposes of this agreement, the low end of the Sentencing
10  Guidelines range is that defined by the Sentencing Table in U.S.S.G.
11  Chapter 5, Part A.

12                          NATURE OF THE OFFENSE

13       4.   Defendant understands that for defendant to be guilty of
14  the crime charged in count one, that is, wire fraud, in violation of
15  Title 18, United States Code, Section 1343, the following must be
16  true: (1) defendant knowingly participated in, devised, or intended
17  to devise a scheme or plan to defraud, or a scheme or plan for
18  obtaining money or property by means of false or fraudulent
19  pretenses, representations, or promises; (2) the statements made or
20  facts omitted as part of the scheme were material; that is, they had
21  a natural tendency to influence, or were capable of influencing, a
22  person to part with money or property; (3) defendant acted with the
23  intent to defraud; that is, the intent to deceive and cheat; and
24  (4) defendant used, or caused to be used, a wire communication to
25  carry out or attempt to carry out an essential part of the scheme.

26                        PENALTIES AND RESTITUTION

27       5.   Defendant understands that the statutory maximum sentence
28  that the Court can impose for a violation of Title 18, United States

3

Code, Section 1343 is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $760,039.34, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.     Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.     Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support the plea of

5

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was a licensed real estate broker at Westrend Realty, Inc. located in Riverside, California, within the Central District of California.

In December 2017, defendant, in his capacity as a real estate broker, represented K.L. and B.W. in the sale of their investment property located in San Clemente, California (the "Investment Property"). In 2016, K.L. and B.W. purchased the Investment Property through their company, CLC Capital, LLC, a limited liability company registered in California. On January 22, 2016, defendant opened a bank account at Bank of America in the name of CLC Capital, LLC, listing himself as the authorized signor and member of CLC Capital, LLC.

In December 2017, defendant sold the Investment Property for $830,000. Defendant never told K.L. and B.W. that he had sold the Investment Property. The buyer of the Investment Property deposited the proceeds of the all-cash sale in an escrow account held by Lawyer's Title. Defendant directed Lawyer's Title to forward the proceeds of the sale totaling $760,039.34 to the CLC Capital Bank of America account that defendant controlled. Instead of forwarding the proceeds of the sale of the Investment Property to K.L. and B.W., defendant took the proceeds and used the proceeds for personal purposes. As a result of the defendant's fraudulent scheme, B.W. and K.L. lost over $700,000.

1    In furtherance of scheme, on or about December 26, 2017,
2  defendant transferred $100,000 of the proceeds of the sale of the
3  Investment Property from a Bank of America account he controlled in
4  Riverside, California to Coinbase's Metropolitan Commercial Bank
5  account in New York.

6                          SENTENCING FACTORS

7    11.   Defendant understands that in determining defendant's
8  sentence the Court is required to calculate the applicable Sentencing
9  Guidelines range and to consider that range, possible departures
10 under the Sentencing Guidelines, and the other sentencing factors set
11 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
12 Sentencing Guidelines are advisory only, that defendant cannot have
13 any expectation of receiving a sentence within the calculated
14 Sentencing Guidelines range, and that after considering the
15 Sentencing Guidelines and the other § 3553(a) factors, the Court will
16 be free to exercise its discretion to impose any sentence it finds
17 appropriate up to the maximum set by statute for the crime of
18 conviction.

19   12.   Defendant and the USAO agree to the following applicable
20 Sentencing Guidelines factors:

21     Base Offense Level:         7    U.S.S.G. § 2B1.1(a)(1)

22     Loss More than
       $550,000, but less
23     than $1,500,000:          +14   U.S.S.G. § 2B1.1(b)(1)(H)

24

25     Abuse of Trust:           +2    U.S.S.G. § 3B1.3

26

27

28

                                    7

1    13.    Defendant and the USAO reserve the right to argue that
2  additional specific offense characteristics, adjustments, and
3  departures under the Sentencing Guidelines are appropriate.

4    14.    Defendant understands that there is no agreement as to
5  defendant's criminal history or criminal history category.

6    15.    Defendant and the USAO reserve the right to argue for a
7  sentence outside the sentencing range established by the Sentencing
8  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
9  (a)(2), (a)(3), (a)(6), and (a)(7).

10                  WAIVER OF CONSTITUTIONAL RIGHTS

11    16.    Defendant understands that by pleading guilty, defendant
12  gives up the following rights:

13          a.    The right to persist in his plea of not guilty.

14          b.    The right to a speedy and public trial by jury.

15          c.    The right to be represented by counsel – and if
16  necessary have the court appoint counsel - at trial.  Defendant
17  understands, however, that, defendant retains the right to be
18  represented by counsel – and if necessary have the court appoint
19  counsel – at every other stage of the proceeding.

20          d.    The right to be presumed innocent and to have the
21  burden of proof placed on the government to prove defendant guilty
22  beyond a reasonable doubt.

23          e.    The right to confront and cross-examine witnesses
24  against defendant.

25          f.    The right to testify and to present evidence in
26  opposition to the charge, including the right to compel the
27  attendance of witnesses to testify.

28

                                    8

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.    Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 20 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the

9

constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $760,039.34; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.  Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

25.  The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $760,039.34.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered a guilty plea pursuant to this agreement, defendant will not
be able to withdraw the guilty plea and (b) the USAO will be relieved
of all its obligations under this agreement.

29.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge
that was not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of this
agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or any
speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c.  Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any

12

evidence derived from the statements should be suppressed or are
inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

30.   Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

31.   Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 12 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

32.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

/ / /

/ / /

/ / /

/ / /

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        34.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____        10/15/2021
     JENNIFER L. WAIER                        _____
11   Assistant United States Attorney         Date

12   _____        10/12/2021
13   VERLIN SANCIANGCO                        _____
     Defendant                                Date

14

15   _____        10/12/2021
16   JESSICA RICO                             _____
     Attorney for Defendant                    Date
17   VERLIN SANCIANGCO

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____
VERLIN SANCIANGCO
Defendant

10-12-2021
Date

16

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am VERLIN SANCIANGCO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          10.12.21
JESSICA RICO                              _____
Attorney for Defendant                    Date
VERLIN SANCIANGCO