Jessica E. Rico Esq.   SBN 283672
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 700
Los Angeles, CA  90025
(310) 315-1100 phone
(310) 566-5169 fax
jessica@ricolawfirm.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT  OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 8:21 CR 00185 DOC |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| Verlin Sanciangco , | |
| Defendant. | |

> Hearing Date: May 19, 2022
>
> Hearing Time: 7:30 AM
>
> Location: Courtroom of the Honorable David O.
>
> Carter

NOW INTO THIS COURT, through undersigned counsel, comes Defendant VERLIN SANCIANGCO ("Mr. Sanciangco" or "Defendant"), who respectfully submits this Sentencing Memorandum.  Mr. Sanciangco was been charged with  a violation 18 U.S.C. §1342  wire fraud. Mr. Sanciangco and the United States Government have entered into a plea agreement in which Mr. Hill plead guilty to Count 1 and wherein both parties agree that the base offense level under the United States Sentencing Guidelines is 20.  The United States Probation Department has also

calculated Mr. Hill's total offense level to be 20.  *See United States Probation Department Presence Investigation Report , hereafter "PSR" para 36.* The United States Government agrees to recommend up to a three level reduction for acceptance of responsibility pursuant to USSG §3E1and to recommend a sentence at the low end of the guideline range provided the offense is 20 or higher. Id. at 36.  The parties have reserved the right to argue additional specific offense characteristics, adjustments and departures apply.  The parties further reserve the right to argue for a sentence outside range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §3553(a)(1), (a)(2),(a)(3),(a)(6) and (a)(7).   The Probation Department recommends a sentence of 33 months' imprisonment followed by 2 years of supervised release. See PSR, Part D.

Given the various mitigating factors pursuant to 18 U.S.C. §3553(a) which are applicable to Mr. Sanciangco, he respectfully submits that a sentence of 12 months of home confinement is sufficient not greater than necessary to promote the goals of sentencing as stated in 18 U.S.C. § 3553 (a)(2) and is fair and just sentence given Mr. Sanciangco's age, a first-time offender, and someone who is unlikely to ever commit another crime again, represents a reasonable disposition to this case.

Dated:  April 24, 2022

/s/  JESSICA E. RICO
---------------------------------------------------
Jessica E. Rico
Attorney for Defendant Sanciangco

# TABLE OF AUTHORITIES

## Cases

*Gall v. United States*, 552 U.S. 38, 57-58 (2007) ............................................................ 7

*Kimbrough v. United States,* 552 U.S. 85, 109 (2007) ........................................................ 9

*Koon v. United States*, 518 U.S. 81, 113 (1996) ................................................................ 13

*Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011) ............................................... 10

*Rita v. United States*, 551 US 388 (2007) ........................................................................... 7

*Simon v. United States*, 361 F. Supp 2d 35, 40 (E.D.N.Y. 2005) ..................................... 15

*Spears v. United States,* 555 U.S. 261, 263-266 (2009) .................................................... 10

*United States v. Ameline*, 409 F. 3d, 1093 (9th Cir. 2005) ................................................. 8

*United States v. Booker,* 160 L. Ed. 2d 621 (2005) ............................................................. 6

*United States v. Carty*, 520 F. 3d. 984, 993 (9th Cir. 2008) ............................................... 7

*United States v. Decora*, 177 F. 3d. 676  (8th Cir. 1999) ................................................... 8

*United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2011) ............................................. 10

*United States v. Henderson*, 649 F.3d 955, 962-963 (9th Cir. 2011) ............................... 10

*United States v. Holt,* 484 F. 3d. 997, 1004 (7th Cir. 2007) ............................................. 15

*United States v. Menyweather,* 431 F. 3d. 692, 700, (2nd Cir. 2011) .................................. 8

*United States v. Miller*, 479 F. 3d. 984 (8th  Cir. 2007) ...................................................... 7

*United States v. Olhowsky*, 562 F.3d. 530 (3rd Cir. 2009) .................................................. 8

*United States v. VandeBrake*, 679 F.3d 1030, 1037 (9th Cir. 2005) ................................ 10

*United States v. Virigl*, 476 F. Supp. 2d. 1231, 1316 ( D.N.M. 2007) ............................. 15

*United States v. Ward*, 814 F. Supp 23, 24 (E.D. Va. 1993) ........................................... 15

*United States v. Yahnke,* 395 F. 3d. 823, 826 (8th Cir. 2005) ........................................... 7

*Zavala v. United States*, 128 S. Ct. 2491 (2008)............................................................................. 7

**Statutes**

18 U.S.C. § 3553(a) ........................................................................................................... 6

18 U.S.C. § 3553(a)(1).......................................................................................................... 7

18 U.S.C. § 3553(a)(2)........................................................................................................... 9

18 U.S.C. § 3553(a)(2)(B) ................................................................................................... 11

18 U.S.C. § 3553(a)(2)(C) ................................................................................................... 11

18 U.S.C. § 3553(b)(1) ........................................................................................................ 6

18 U.S.C. § 3661 .................................................................................................................. 9

**Other Authorities**

Measuring Recidivism: The Criminal History of Computation of the Federal Sentencing
Guidelines, Ex. 9 (May 2004) ("Measuring Recidivism"); Commission, "Recidivism and the
First Offender," at 13-14 (May 2004) ("First Offender Report").
..................................................................................................................................... 15

*United States Sentencing Reform Act of 1984, as amended, 18 U.S.C.A. 3551 et. seq.* ................. 6

## INTRODUCTION & SUMMARY OF ARGUMENT

This matter is now before the Court at sentencing pursuant to a Rule 11(c)(1)(C) plea agreement negotiated by the parties. As detailed below, the plea agreement and its stipulated agreement to reserve the right to argue additional specific offense characteristics, adjustments, and departures apply and the right to argue outside of the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), and (a)(3.

### I.     Procedural History

1. On January 7, 2022, Mr. Sanciangco pled guilty to Count 1 Indictment:

    a.   Count 1: Wire Fraud in violation of 18 U.S.C. §1343

2. The parties have agreed to the following guideline calculation which is not binding on the court.

    a.   **Group 1**:  Wire Fraud

         i.   Base Offense Level: U.S.S.G. § 2B1.1 (a)(1)            7

         ii.  Loss More than $550,000, but less than $1,500,000:  2B1.1(b)(1)(H)

                                                                              +14

         iii. Abuse of Trust:    3B1.3.          + 2

         iv.  Acceptance of Responsibility:     -3

         Adjusted Offense Level                                        = **20**

                                                        **Range = 33-41 months**

///

///

///

## II.   The COURT HAS THE DISCRETION TO IMPOSE A SENTENCE BELOW THE GUIDELINE RANGE

### A.  Post-Booker Sentencing Procedures

The landmark decision in *United States v. Booker*, 160 L. Ed. 2d. 621 (2005), changed sentencing in the Federal Courts.  *Booker* renders the Guidelines as advisory only, and instructs the sentencing courts to consider the Guidelines in context of all of those contexts of all of those factors enumerated in Title 18 U.S.C. §3553(a).  The Court found that the mandatory application of the Guidelines was unconstitutional.  In the *Booker* opinion, the Court stated:

> "We answer the questions of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory,   18 U.S.C.A 3553(b)(1)(Supp. 2004), incompatible with today's constitutional holding. We statutory section, 3742(e) (main ed. And Supp. 2004), which depends Guidelines mandatory nature.  So modified, the Federal Sentencing Act, See upon the *Sentencing Reform Act of 1984*, as amended, 18 U.S.C.A. 3551 et. seq., 28 U.S.C. 991 et seq., makes the Guidelines ranges, see 18 U.S.C.A. 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well.  See *3553(a) (Supp. 2004)." Booker*, at *651*.

Further, with respect to appellate review of sentencing decisions, the Court stated:

> "We infer appropriate review of standards from related statutory language, the Structure of the statute, and the 'sound administration of justice.'  And in this instance those factors, in addition to the past two decades of appellate practice in cases involving departures, imply a practical standard of review already familiar to appellate courts: review for 'unreasonableness.'". . . Section 3553(a) remains in effect, and sets forth numerous factors that guide Sentencing.  Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."  *Booker, at 660-661.*

Sentencing courts must calculate and consider the guideline range as a "starting point in sentencing," but may sentence outside that range if such a sentence is reasonable in light of the factors set forth in 18 U.S.C. §3553(a).  *United States v. Gall*, 552 U.S. 38, 49 (2007); *United*

*States v. Carty*, 520 F. 3d. 984, 993 (9th Cir. 2008)(en banc), cert. denied, *Zavala v. United States,* 128 S. Ct. 2491 (2008).  The district court shall not presume that a within-guideline sentence is reasonable.  *Gall* at 50.  The United States Supreme Court has addressed the issue of presumption of reasonableness of a within Guideline Sentence in *Rita v. United States*, 551 U.S. 338 (*2007*) and instructed that a within guideline sentence is presumed reasonable only upon appellate review.

Finally, the Court stated that the "reasonableness" of a sentence is reviewed for an abuse of discretion.  *United States v. Yahnke*, 395 F. 3d. 823, 826 (8th Cir. 2005) (equating a sentence that is "reasonable" with a sentence that is "not an abuse of discretion."); See also, *United States v. Miller*, 479 F. 3d 984 (8th Cir. 2007) (holding that the conflation departure considerations and the variance analysis can be harmless error where the ultimate sentence is not unreasonable).

Determining "reasonableness" is a complicated and often subtle process that requires the court to consider all of the complex factors inherent in any case and specifically related to the individual standing before it.  Again, *Zavala, Id.* at 1168 holds:

> "To put it together way, even though it is very likely that the Guideline calculation will yield a site within the borders of reasonable sentencing territory , that still does not mean either that there is no other sites within those borders,  or that one of them will not prove to be the most reasonable sentence for the particular individual, or that the district court should resist being left to another side, or that the district court should not strive to reach the best site."

If the court determines that a sentence outside the Guideline range is justified and reasonable, then it must decide to what sentence is warranted, and must adequately explain its reasoning, "to allow for meaningful appellate review and to promote the perception of fair sentencing," applying a "deferential abuse-of-discretion standard." *Gall* at 50.

Next, the Court must consider the pertinent §3553(a) factors and decides whether those factors call for a sentence outside of the Guidelines. *Gall* at 49-50. The sentencing judge is required "to consider every convicted person as an individual and every case as a unique sturdy in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." *United States v. Olhovsky*, 562 F.3d. 530 (3rd. Cir. 2009) (citing Gall, 552 U.S. at 597). This Court may impose an outside of the guidelines sentence based on a combination of mitigating factors, including those which the advisory guidelines previously prohibited or discouraged by the Guidelines. *United States v. Decora*, 177 F.3d 676 (8th Cir. 1999); *United States v. Menyweather*, 431 F. 3d. 692, 700 (9th Cir. 2005). The Court is required to consider factors that the Guidelines effectively prohibited from consideration (i.e. *Age*, USSG 5H1.1; *Education and Vocational Skills*, USSG 5H1.2; *Mental and Emotional Condition*, USSG 5H1.3; *Physical Condition Including Drug or Alcohol Dependence*, USSG 5H1.4; *Employment*, USSG 5H1.5; *Family Ties and Responsibilities*, USSG 5H1.6; *Socio-economic Status,* USSG 5H1.10; *Civic and Military Contributions*, USSG 5H1.11; and *Lack of Youth Guidance*, USSG 5H1.12.) *Decora*, at 678; *United States v. Ameline,* 409 F.3d 1093, (9th Cir. 2005) (*en banc*).

Finally, the over-arching directive in Section 3553(a) is for sentencing courts to impose a sentence that is "sufficient, but not greater than necessary," to accomplish the purposes set forth in §3553(a)(2).[1] Thus, this court must sentence below the advisory guideline range where a guideline sentence is greater than necessary to achieve those goals in this particular case.

---

[1] Those purposes are:(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide the just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public for further crimes of the defendant; and (D) to provide the defendant with the needed educational or vocational training, medical are, or other correctional treatment in the most effective manner. 18 U.S.C.§3553(a)(2)

The court may consider without limitation any information concerning the background, character and conduct of the defendant "which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

**B.  The District Court's Discretion to Sentence Below the Guideline Range**

In Rita, the Supreme Court acknowledged that a district court may exercise its discretion to sentence below the Guideline range, based on its own fact finding, because: "the case at hand falls outside the 'heartland'. . .the Guideline sentence regardless."  Rita, at 351. Sentencing courts may not require "'extraordinary' circumstance to justify a sentence outside the Guidelines and no courts may use a proportional formula "for determining the strength of the justification required for a specific sentence." Gall at 41.  The Court need only find that, due to pertinent factors, the appropriate sentence falls below the Guideline range.  See Rita, at 351. Mr. Sanciangco requests that the sentence below the Guideline range is appropriate in this case. In light of the numerous and substantial § 3553(a) factors discussed below, Mr. Sanciangco submits that a sentence of probation or in the alternative of 24 months' imprisonment is sufficient, but not greater than necessary, and is fair and just.

Three character letters are attached.  Each was drafted in support of Mr. Sanciangco to aid the Court in further understanding Mr. Sanciangco.  (See Attached Exhibit A).

**III.      Sentencing Factors under §3553(a)**

In the ordinary case, the Guidelines range "will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States,* 552 U.S. 85, 109 (2007).  The Sentencing Commission was formed to promulgate the Guidelines based on empirical data, research and careful study of past sentencing practices. *Id*. at 96.  But, where the Guidelines "do not exemplify the Commission's exercise of its characteristic institutional role,"

it would not be an abuse of discretion for a district court to conclude that the Guidelines yield a sentence greater than necessary to achieve § 3553(a)'s purposes.  *Id*. at 109-110; see also, *Spears v. United States,* 555 U.S. 261, 263-266 (2009) (district courts are entitled to reject and vary categorically from the Guidelines based on a policy disagreement with those Guidelines, even when a particular defendant presents no special mitigating circumstances).

The Court's holdings in *Kimbrough* and *Spears* apply with equal force to other Guidelines, including U.S.S.G. § 2G2.2.  *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) (district court was free to vary based on a policy disagreement with the antitrust Guidelines); *United States v. Henderson*, 649 F.3d 955, 962-963 (9th Cir. 2011) (the child pornography Guidelines are not the result of the Sentencing Commission's characteristic institutional role and district courts may vary from the Guidelines based on policy disagreement with them); *United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2011) (*Kimbrough*'s holding applies with "full force" to U.S.S.G. § 2G2.2).

The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing.  *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing."  *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

In addition to "the history and characteristics of the defendant," the Court must also consider "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1).

In addition to the personal characteristics of the defendant and the nature and circumstances of the offense, Section 3553(a) directs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes of the defendant; and (D) to medical care,

or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). These

factors are addressed in turn below.

## A.  Respect for the Law and Just Punishment

First, a more lengthy prison term is not necessary to reflect the seriousness of the offense,

to promote respect for the law, or to provide just punishment.  A 20 year sentence is the

maximum.  He is currently 44 years old, father of two daughters.  He is the main financial

provider to his wife and two daughters.  As a husband and father, Mr. Sanciangco plays a pivotal

role in his household.  He provides not only monetary support but emotional support to his

family.  His possible departure would a huge disruption this his two daughters age eight and

three years old.

## B.  Deterrence

For many of the same reasons, a lengthy prison term also is not necessary to "afford

adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  Mr. Sanciangco is a

husband and father.  He has no criminal history. Since then he has livid as law abiding citizen.

He understands and accepts the severity of this role in this action and his culpability.  Although

does not remedy the abuse of trust committed, Mr. Sanciangco is paying back full restitution to

the victims in this case in the amount of $760,039.34. This was a one-time action, that Mr.

Sanciangco now accepts full acceptance of his responsibility and gravity of the offense.

///

///

///

**C.  Protection from Further Crimes**

A lengthy prison term also is not necessary to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).  Mr. Sanciangco has no further ties with the underlying offense.  No other future transactions or actions are shown to see future to commit these acts.  Furthermore, Mr. Sanciangco's lack of criminal history confirms that this was a one-time incident.

**D.  Support from Friends and Family**

Mr. Sanciangco is a family man.  He is married to his wife Yessenia Sanciangco  They have been married for 12 years.  They have known each other for 20 years.  Since beginning their relationship, they have two beautiful daughters ages 8 and 3. His wife emphasizes the role that Mr. Sanciangco plays in their household as a husband and father.  As explained in Letter from Yessenia Sanciangco , she was very shocked by this incident and Mr. Sanciangco participation.  This was out of character for him.

Sentencing courts are, of course, charged with the responsibility of treating those that come before them as individuals. *Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Courts are charged by Congress, as well, to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing established by Congress. See 18 U.S.C. § 3553(a).

///

///

///

### E. Acceptance of Responsibility

Mr. Sanciangco sincerely accepts the responsibility for his actions and resolved to never become involved in these underlying crimes ever again.  Mr. Sanciangco's decision to participate in this crime originated from financial struggles.  He took advantage of a fiduciary duty he had to the victim's. He took advantage of the trust they had instilled in him.  He took a huge financial advantage of them and for that he is truly and deeply sorry. He knows money doesn't solve the trust he broke and the advantage he took. But he hopes paying the money back does help the victim's somewhat for his harm.

. As time has passed and knowledge on the charges on these case, Mr. Sanciangco accepts his failure in participating in these actions.  But he respectfully asks the Court that under the circumstances uses its discretion in seeing him as person behind the offense.

### F. As a 44 year-old First Time Offender , Mr. Sanciangco has Exceptionally Low Risk of Recidivism

As a 44 year old, first time offender, Mr. Sanciangco has an exceptionally low risk of recidivism, a proper fact to consider in fashioning a sentence sufficient, but not greater than necessary, to punish Mr. Sanciangco for his admitted criminal conduct.

As the United Stated Sentencing Commission ("Commission"), itself, recognizes (1) recidivism rates decline precipitously in relation to the age of the offender; and (2) first time offenders are even less likely to reoffend than offenders with limited criminal history who also fall under Criminal History Category I.  See Commission, Measuring Recidivism: The Criminal History of Computation of the Federal Sentencing Guidelines, Ex. 9 (May 2004) ("Measuring Recidivism"); Commission, "Recidivism and the First Offender," at 13-14 (May 2004) ("First Offender Report").

The Commissions' research has, for example, demonstrated that the defendants "over the age of forty … exhibit markedly lower rates f recidivism in comparison to younger defendants." See Measuring Recidivism at 12, 28.  More specifically, a 20 year old defendant in Criminal history Category I has a 29.5% chance of reoffending, while a 51 year old offender with the same criminal history has only a 6.2% change of reoffending.  Id. at Ex.9 As to first time offenders, the Commission found that offenders with zero criminal history points have a recidivism rate of just 11.7%.

Even prior to the Commissions' 2004 findings and prior to the Supreme Court's decision in *Booker*, a Guidelines departure could be warranted because the Guidelines fail to consider the length of time a defendant refrains from the commission of his first crime. See, e.g*., United States v. Ward*, 814 F. Supp. 23, 24 (E.D. Va. 1993) (departure merited as the Guidelines omitted from consideration the length of time a defendant refrains from a commission of crime.)

In response to the Commission's inaction, and in the wake of *Booker*, many courts have explicitly considered age in imposing sentencing guidelines on the ground that older defendants exhibit considered age in imposing sentencing on the ground that older defendant's exhibit markedly lower recidivism rates in comparisons to younger defendants.  See e.g, *United States v. Holt*, 486 F. 3d 997, 1004 (7th Cir. 2007);  *United States v. Virgil,* 476 F. Supp.2d 1231, 1316 (D.NM.2007) (recognizing the correlation between age and risk of recidivism as mitigating factor); *Simon v. United States*, 361 F. Supp. 2d 35, 40 (E.D.N.Y. 2005) ("Guidelines fail to consider that recidivism drastically declines with the defendant's age").

Here, Mr. Sanciangco is 44 years-old and has no criminal history.  He has lived over  as a law abiding citizen, since coming to the United States in 1999.  It is unlikely that Mr. Sanciangco will ever commit any other offense. Furthermore, from the beginning of this case Mr.

Sanciangco has been placed Appearance Bond of $5,000.  He has turned over all his passports and been in compliance with Pretrial Services.  In fact, the Government and the Defendant have stipulated for authorized travel for work outside of the United States. Mr. Sanciangco has complied with all the terms conditions. He has been grateful to the Court and Government to allow him to continue working during this case.  Given his extremely low risk of recidivism, a sentence within the Guidelines is simply greater than necessary to protect the public from the slightest chance that Mr. Sanciangco will ever reoffend.

**G.  Health Concerns**

Our Country is currently in COVID-19 Pandemic. On March 26, 2020, Attorney General, William Barr, issued  Memorandum for Director of Bureau Prisons.  The subject was Prioritization of Home Confinement as appropriate in response to Covid-19 Pandemic. (See attached Exhibit B ).  In response to the crisis of the Covid-19 virus spread, the Bureau of Prisons("BOP") were permitted to look at age and vulnerability of inmate and other factors in assessing  to transfer inmates to home confinement.  We are now nine months since the beginning of this pandemic, and still seeing increase in number in general public, as well as in federal prisons.  As of December 29, 2020, BOP states that 7,093 Federal Inmates and 1,666 BOP staff  have tested positive to COVID-19.  BOP states 179 deaths of Federal inmates and 2 BOP staff deaths.

 More specifically right now, when the Country is seeing an increase in numbers.  Even with the Home Confinement, the BOP has had difficulty controlling the spread within the prison facilities.  It has been stated by the US Attorney in article with Forbes, that after Pandemic is over that Federal Inmates will return to prison to complete their sentence. ( See attached Exhibit C).  So we respectfully, have the Court to take the Covid-19 pandemic as factor in sentencing.

## IV.    <u>CONCLUSION</u>

Mr. Sanciangco full accepts his role and responsibility for his crimes.  He has "extreme remorse for committing the instant offense, and realizes he made a terrible mistake." (PSR ¶ 20.) The Defendant respectfully requests that the Court sentence defendant to probation or in the alternative of 24 months' imprisonment, followed by the two  years of supervised with the terms and conditions as recommended by the Probation Office, and a mandatory assessment of  $200. Defendant respectfully requests that if Court orders confinement be lower than 24 months of custody. In addition, for the Court to entertain the home confinement of the Defendant due to the current COVID-19 Pandemic.

Dated:  April 24, 2022

/s/  JESSICA E. RICO
-------------------------------------------------
Jessica E. Rico
Attorney for Defendant Sanciangco